**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SUCCESSION OF ROY JOSEPH MOSSY, ET AL.** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 07-8140 |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | SECTION "B"(1) |

**ORDER AND REASONS**

Before the Court is Defendant's State Farm Fire and Casualty Company ("State Farm"), Motion for Summary Judgment(Rec. Doc. No. 10). Plaintiffs, Succession of Roy Joseph Mossy and Edith Mossy ("Plaintiffs") filed a Memorandum in Opposition to the Motion for Summary Judgment(Rec. Doc. No. 13) and Defendant filed a Reply Memorandum (Rec. Doc. No. 23). Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. No. 14) and Defendant's Memorandum in Opposition (Rec. Doc. No. 19) are also before the Court. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **GRANTED.**

*BACKGROUND*

Plaintiffs were owners of condominium unit 12C located at 3 Poydras Street in New Orleans, Louisiana on August 29, 2005, the date Hurricane Katrina struck. One River Place Condominium

1

Association, Inc. ("the Association") operated the condominium properties, which included Plaintiffs' condo. State Farm provided coverage to said property pursuant to Condominium Unitowners Policy No. 18-BW-8415-3. This policy included Coverage D, which insured up to $25,000 of "Loss Assessment." Coverage D states in pertinent part:

> "we will pay for your share of any assessment charged against all unitowners by the associations when the assessment is made as a result of:
> 1. a direct loss to which Section I of this policy would apply except as provided in Section I-Losses not insured, to the condominium property, including personal property, owned by all unit owners collectively; an occurrence to which Section II of this policy would apply..." (Ins. Policy, pgs. 4-5).

Plaintiffs' condo was insured by State Farm on August 29, 2005. In May of 2006, Plaintiffs sold said property to Reginald A. Bush ("Bush"). Plaintiffs and Bush set up an escrow account to pay any assessments levied by the condominium association against unitowners for hurricane damage. On June 9, 2006, Plaintiffs cancelled their insurance policy with State Farm. Subsequently, on August 1, 2006, the Association levied a special assessment to Mr. Bush in the amount of $10,293.02 for damage to the condo. This amount was paid using the escrow account. A second special assessment was levied on July 17, 2007, in the amount of $85,486.94. Bush made a claim against Plaintiffs for payment of the second assessment, but this claim was settled by Plaintiffs' payment of $29,706.94 to Bush. Plaintiffs seek reimbursement for

2

the Hurricane Katrina assessments paid by them, up to State Farm's $25,000 limit of Loss Assessment coverage.

State Farm asserts that the assessments that are at issue in this suit are not covered under Section I of the insurance policy because the assessments were made after Plaintiffs cancelled the policy and against a person (Bush) who was not a named insured under the policy. Defendant further argues that there is no coverage under Section II of the insurance policy because it is excluded by the owned property exclusion.

Plaintiffs contend that State Farm is liable to reimburse them the sum of $25,000 based on the clear language of the policy in Coverage D. They argue that the policy contains no language that State Farm is liable for assessments only when those assessments are made during the policy period or that the assessment must be made directly to the insured for coverage to apply. Instead, the policy states that benefits will be paid for "your share" of the assessment. To the extent that the policy does not define "your share," Plaintiffs argue that the policy is ambiguous and should therefore be interpreted in their favor. Furthermore, Plaintiffs assert that since the damage occurred during the policy period, the fact that the assessments were levied after the policy was cancelled does not absolve State Farm from liability. Plaintiffs also claim that coverage applies under Section II of the insurance policy, which provides coverage for any personal liability claim

3

brought against the insured by a third party.

## DISCUSSION

### A. *SUMMARY JUDGMENT STANDARD*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.** ***COVERAGE UNDER SECTION II OF INSURANCE POLICY (PERSONAL LIABILITY)***

Plaintiffs claim that they are entitled to reimbursement under Section II, Coverage L (personal liability) of the policy for payments made to Bush in satisfaction of the liability claim made by Bush against them(Rec. Doc. No. 13, pg. 5). State Farm asserts that coverage under this section is excluded by the owned property exclusion, which limits coverage to the insured's liability for property owned by a third party and excludes property owned by the insured (Rec. Doc. No. 19, pgs. 4-5). Coverage L does not apply to "property damage to property currently owned by any insured." (Ins. Policy, pg. 17). State Farm argues that such clauses are referred to as "owned property exclusions," and are designed to prevent a general liability policy from providing first-party benefits to the insured. *Id.*

State Farm cites several cases that deny coverage under the owned property exclusion, containing language similar to the language under Section II of the policy in the case at bar. See *Figgie Int'l, Inc. v. Bailey*, 25 F.3d 1267, 1274 (5th Cir. 1994); *Pro-Ball Chem. & Fertilizer Co. v. U.S. Fire & Guaranty Co.*, 2004 WL 3494045, at *5 (W.D. La. Nov. 15, 2004). The Court finds the above line of cases to be applicable to the issues regarding liability under Coverage L in the case sub judice. Since Plaintiffs were former owners of the property to which the assessments were

5

made, they are not entitled to coverage under this section, which provides coverage for damage caused to third-party property. Therefore, since the owned property exclusion applies, State Farm is not liable for reimbursement under Section II of the insurance policy. The Court must now determine whether coverage exists under Section I of the insurance policy.

**C.**  ***COVERAGE UNDER SECTION I OF INSURANCE POLICY***

Plaintiffs argue that State Farm is liable to reimburse them the sum of $25,000 since the policy contains no language that State Farm is liable for assessments only when those assessments are made during the policy period or that the assessment must be made directly to the insured for coverage to apply (Rec. Doc. No. 14). Plaintiffs further contend that the policy is ambiguous and should be construed in their favor since it fails to define "your share" of "assessment" (Rec. Doc. No. 13, pg. 7).

"An insurance policy is an aleatory, nominate contract subject to the general rules of contract interpretation." *Fannaly v. Lafayette Ins. Co.*, 805 So.2d 1134,1137(La. 1/15/02). Coverage under an insurance contract is determined by the common intent of both the insured and insurer. *Id.* Words in an insurance contract must be given their general meaning. *Id.* "The rules of contractual interpretation 'do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists.'" *Id.* at 1138. However, where ambiguity does exist, and

6

such leads to absurd consequences, the court must construe the insurance policy in favor of the insured. *Id.*

With these principles in mind, the Court agrees with Plaintiffs' contentions that the policy at issue obligates State Farm to pay for the assessments made after expiration of the policy. The conditions of coverage section of the policy states that "[t]he policy applies only to **loss** under Section I or bodily injury or property damage under Section II which occurs during the period [the] policy is in effect" (Ins. Policy, pg. 19). Plaintiffs' insurance policy was cancelled on June 9, 2006. Thereafter, on August 1, 2006 and July 17, 2007, assessments were made against the condo. Thus, the assessments were made after cancellation of the policy. However, the policy is vague as to whether "loss" means the actual date that damage occurred or the date the assessments were made. Such ambiguity requires the Court to construe the policy in Plaintiffs' favor as to the date of loss. Therefore, the Court finds that the date of loss relevant to the assessments, is the date that the property was damaged. Since the property was damaged while the insurance policy was in effect, Plaintiffs are entitled to reimbursement up to the policy limits of "loss assessment" coverage.

Moreover, the reason for the assessments is the damage caused by Hurricane Katrina, which occurred during the policy period. Even if the policy is not vague, to conclude that coverage does not

7

exist for damage caused during the actual policy period, simply because the assessments for that damage were made at a later date, and after cancellation of the policy, would be against public policy and lead to absurd results. As pointed out by Plaintiffs, State Farm's interpretation of the policy would require Plaintiffs and others in similar circumstances, to take personal responsibility for assessments generated by damage caused during the policy period or to maintain ownership of the property until all assessments have been made in order to ensure coverage. These actions are both unreasonable and illogical.

Therefore, since the insurance policy is vague as to the date of loss for "loss assessment" coverage and State Farm's interpretation would lead to absurd consequences, the Court finds that coverage exists under Section I of the insurance policy.

## *CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 25th day of February, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE